IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 7 |
| LANDMARK WORLDWIDE, LLC, | ) ) | Case No. 24-20211 |
| Debtor. | ) ) ) |  |
| LANDMARK WORLDWIDE NEW ERA LLC, | ) ) ) ) |  |
| Movant | ) ) |  |
| v. | ) ) |  |
| CHRISTOPHER R. MURRAY, CHAPTER 7 TRUSTEE, | ) ) ) |  |
| Respondent. | ) |  |

**CHAPTER 7 TRUSTEE'S RESPONSE IN OPPOSITION TO LANDMARK WORLDWIDE NEW ERA LLC'S EMERGENCY MOTION UNDER BANKRUTPCY CODE § 362(f) FOR RELIEF FROM AUTOMATIC STAY**

Christopher R. Murray ("Trustee"), Chapter 7 Trustee to Landmark Worldwide, LLC ("Debtor"), submits this Response in Opposition to Landmark Worldwide New Era's ("LWNE") Emergency Motion under Bankruptcy Code § 362(f) for Relief from Automatic Stay ("the Motion").

**STATEMENT OF FACTUAL DISPUTES**

1. Pursuant to Bankruptcy Local Rule 4001-1(10), Trustee states that, in addition to denying that LWNE is entitled to relief under the automatic stay, he specifically disputes the following:

- Trustee lacks information as to the necessity of the use of funds in the Assigned Accounts[1] by LWNE and puts LWNE to its burden of proof thereof, *see Motion* at ¶¶ 4-5, 35-37, 45;

- Trustee lacks information as to whether cause exists for lifting the automatic stay regarding the Assigned Accounts and puts LWNE to its burden of proof thereof; on this basis, Trustee denies that cause exists for lifting the automatic stay, *see Motion* at ¶¶ 5, 40, 45-46;

- Trustee continues to investigate the circumstances and validity of the purported divisive merger between Debtor and LWNE, and thus Trustee denies any characterization thereof in the Motion, *see Motion* at ¶¶ 14-17, 19-20, 31, 41-43, 47-48;

- Trustee denies that the Assigned Accounts are not property of the Estate or that he does not have the right to exercise control over the Assigned Accounts, *see Motion* at ¶¶ 18, 31, 39, 45, 49; and

- Given the interrelated nature of Debtor and LWNE, Trustee denies that Debtor's failure to schedule the Assigned Accounts is "prima facie evidence" that the Assigned Accounts are not property of the estate. Even if so, Trustee denies such an admission is binding on Trustee, *see Motion* at ¶¶ 26, 44.

As detailed below, Trustee has requested additional documentation from LWNE in order to narrow these factual disputes. Trustee specifically reserves the right to amend these disputes based on further discovery.

## ARGUMENT

2. LWNE, as Movant, bears the initial burden of proof on the Motion to show cause and that the Debtor lacks any equity in the Property. *See In re Mosher*, 578 B.R. 765, 772 (Bankr. S.D. Tex. 2017). Section 362(g) places the burden of proof on the Debtor for all other issues. *Id.* LWNE has failed to carry such burden.

3. Here, LWNE argues that the Plan of Merger purported to assign the Assigned Accounts to the Debtor. Motion at ¶¶ 14-19.

4. LWNE ignores that, prior to the Petition Date, neither Debtor nor LWNE appear to have undertaken steps to retitle the accounts or transfer control formally to LWNE. Upon

---

[1] Trustee uses the defined term "Assigned Accounts" as that term I used in the Motion and without implying or conceding that the accounts have been so assigned or the legal significance of such assignment.

2

information and belief, under the deposit agreements applicable to such accounts, Debtor retained both legal title to the accounts and retained control over the accounts under the deposit agreements. Trustee has requested that LWNE provide copies of the bank account statements and deposit agreements to him prior to any hearing on the Motion. LWNE also references unspecified communications with Comerica Bank regarding "implementing the request by [LWNE] to have the Assigned Account names changed to be in the name of" LWNE. Motion at ¶ 48. No such communications have been provided to Trustee.[2]

5. LWNE's Motion, in effect, seeks to assert a claim for equitable title over the accounts based on control. Again, under the applicable standard, LWNE bears the burden of proof, and Trustee believes that documentation and/or testimony will be necessary from LWNE on such issues.

6. The Fifth Circuit has considered when a Court may recognize a claim to equitable title over bank accounts. *In re IFS Fin. Corp.*, 669 F.3d 255, 262 (5th Cir. 2012); *Amegy Bank of Tex. v. CGI Franchise Sys., Inc.*, No. 22-10190, 2022 WL 17074822, at *2 (5th Cir. Nov. 18, 2022):

> Texas law counsels that the legal titleholder to a bank account is not always the owner of its contents. *Silsbee State Bank v. French Mkt. Grocery Co.*, 103 Tex. 629, 132 S.W. 465, 466 (1910). To ascertain ownership, Texas law directs courts to look not to the legal relationship between parties; rather, courts are to examine the individual facts of each case. *Id.*

*In re IFS Fin. Corp.*, 669 F.3d 255, 262 (5th Cir. 2012); *Southmark v. Grosz (In re Southmark),* 49 F.3d 1111, 1116–17 (5th Cir. 1995) (holding that control over funds in an account is the predominant factor in determining an account's ownership). In *In re Southmark*, the Fifth Circuit emphasized the Court must analyze debtor's control over an account, explaining that "the primary

---

[2] On September 16, 2024, Trustee requested LWNE provide such documents.

3

consideration in determining if funds are property of the debtor's estate is whether the payment of those funds diminished the resources from which the debtor's creditors could have sought payment." *Id.* at 1117.  Ultimately, the "unfettered discretion to pay creditors of its own choosing" supported the control requisite to *In re Southmark*'s finding of ownership.  *Id.*

7. The Trustee continues to investigate what claims the estate may have based on the divisive merger.  However, Trustee remains concerned for LWNE's employees and LWNE's need to timely meet its payroll obligations, as detailed in LWNE's Motion.  Motion at ¶ 36.

8. That said, the Trustee is concerned that no support has been given for the expenses that LWNE asserts it may face.  For instance, LWNE alleges that its payroll needs exceed $1.5 million a month.  *Id*.  However, on its SOFA, Debtor indicated that it had incurred $908,000 in payroll within 90 days of the Petition Date along with $226,000 in contributions to employee 401k plans.  [ECF No. 1 at pp. 32 (SOFA lns. 3.8, 3.18)].  In the absence of documents, the Trustee struggles to see why such a significant rise in payroll appears to have occurred following the Petition Date.  Again, the Trustee has requested proof of such expenses from LWNE.

9. As noted, neither the Debtor nor LWNE have provided Trustee with bank statements for the Assigned Accounts.  Additionally, Debtor has not provided July 2024 bank statements for the Wells Fargo bank accounts that were scheduled as property of the Debtor.[3]  However, the Trustee notes that the Debtor's SOFA reflects that the Debtor made substantial payments in July 2024, including what appears to be thousands of dollars of payments after the merger date.  [ECF No. 1 at pp. 29-32].  Those payments do not appear to have reduced the balance on the two Wells Fargo accounts that were scheduled for the Debtor, which appear to have almost identical balances on the June 2024 bank statements as what was scheduled by the Debtor as of

---

[3] Presumably statements for these accounts were not yet available as of the Petition Date.

4

the Petition Date. Given the lack of information provided to the Trustee, it is not clear to the Trustee whether such payments came out of the Assigned Accounts. However, whether Debtor did make such payments is relevant evidence as to whether Debtor retained control of the accounts after the divisive merger.

WHEREFORE, Trustee requests that the Court deny LWNE's Motion for Relief from the Stay and/or set such hearing for an evidentiary hearing on the merits and grant Trustee such further relief to which he is entitled.

Respectfully submitted,

**NATHAN SOMMERS GIBSON DILLON PC**

By:   */s/ Iain L. C. Kennedy*
     Iain L. C. Kennedy
     Texas Bar. No. 24068094
     Federal ID No. 1066018
     1400 Post Oak Boulevard, Suite 300
     Houston, Texas 77056-6102
     (713) 960-0303 (main)
     (713)892-4800 (fax)
     ikennedy@nathansommers.com

**ATTORNEY FOR CHRISTOPHER R MURRAY, CHAPTER 7 TRUSTEE**

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 18, 2024, a true and correct copy of the foregoing Response was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system. The undersigned further certifies that the foregoing Response was served upon all parties listed on the attached Service List by no later than the next day after the filing of this Response in accordance with Bankruptcy Local Rule 9013-1(f).

     */s/ Iain L. C. Kennedy*
     Iain L. C. Kennedy