UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| IN RE | § | |
| --- | --- | --- |
| | § | |
| LANDMARK WORLDWIDE LLC | § | CASE NO. 24-20211 |
| | § | |
| | § | |
| DEBTOR. | § | CHAPTER 7 |

**TRUSTEE'S APPLICATION TO EMPLOY GENERAL COUNSEL**

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Christopher R. Murray (the "Trustee"), Chapter 7 Trustee for the bankruptcy estate of Landmark Worldwide LLC (the "Debtor"), files this *Application to Employ General Counsel* (the "Application").

**I. SUMMARY OF THE BASIS FOR NECESSITY OF GENERAL COUNSEL**

| | |
| --- | --- |
| Name of Trustee | Christopher R. Murray |
| Name of professional to be employed | Nathan Sommers Gibson Dillon, PC ("NSGD"), with Iain Kennedy designated as lead counsel. |
| Reason that employment is needed | To assist the Trustee in administering the estate, including investigating claims of the estate, obtaining turnover of estate property, and resolving claims for the Trustee. |
| Reason the trustee selected this professional | NSGD has considerable experience representing trustees in matters of this nature, the attorneys at NSGD have competitive billing rates compared to other area attorneys of similar experience, and the Trustee has developed a high level of trust in NSGD's attorneys, the quality of their work product, and their sensitivity to the economics of representing a bankruptcy estate with limited funds. Additionally, Mr. Kennedy has previously served as Trustee's counsel. |
| Professional's connections to the case | None. |
| Compensation arrangement | <u>Hourly</u>: Iain Kennedy, $495/hour, plus necessary incurred expenses. |

| Why employment is in the best interest of the estate | NSGD has experience representing trustees in bankruptcy cases, including cases where the Trustee was required to investigate claims of the bankruptcy estate. |
|---|---|

## II. JURISDICTION, VENUE, & CONSTITUTIONAL AUTHORITY

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1408.

3. This Court has constitutional authority to enter a final order regarding this matter because employment of professional persons by a bankruptcy estate has no equivalent in state law; accordingly, the Supreme Court's opinion in *Stern v. Marshall* inapplicable.

## III. BACKGROUND

4. On July 31, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. [Doc. No. 1].

5. On August 22, 2024, Christopher R Murray was appointed to serve as the Chapter 7 Trustee (the "Trustee").

6. This is a Chapter 7 bankruptcy for which the Trustee requires counsel. The estate has certain claims it needs investigated. The Trustee anticipates he may need other services on this matter as it develops.

## IV. APPROPRIATENESS OF RETENTION

**A.  11 U.S.C. § 327(a)**

7. The Trustee requests authority to employ NSGD pursuant to 11 U.S.C. §§ 327 and 330. Employment of professionals is governed by 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014. Specifically, 11 U.S.C. § 327(a) provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

8. NSGD does not hold an "interest adverse" to the Debtor's estate as it does not possess any economic interest that would tend to lessen the value of the estate or create either an actual or potential dispute in which the estate is a rival claimant. *See, e.g., In re Red Lion, Inc.*, 166 B.R. 296, 298 (Bankr. S.D. Tex. 1994). Additionally, after due inquiry, the Trustee believes that NSGD and its professionals are disinterested persons as that term is defined in 11 U.S.C. § 101(14) in that NSGD, its shareholders, of counsel, and associates:

    (a)    are not creditors, equity security holders, or insiders of the Debtor;

    (b)    are not and were not, within two years before the date of the filing of the petition, directors, officers, or employees of the Debtor; and

    (c)    Do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or for any other reason.

9. NSGD has not been retained to assist any entity or person other than the Trustee in matters relating to or in connection with this Bankruptcy. If the Court approves the NSGD's proposed employment by the Trustee, NSGD will not accept any engagement or perform any service in connection with this Bankruptcy for any entity or person other than the Trustee. The Trustee certifies that NSGD is not being employed to perform duties required to be performed by the Trustee. The Trustee has informed NSGD that if it performs any of the Trustee's duties, it may not be compensated by the estate.

**B.    Bankruptcy Rule 2014**

10. Federal Rule of Bankruptcy Procedure 2014(a) provides:

> . . . . The application [to employ a professional person] shall state the specific facts showing the necessity for the employment, the name of the person to be employed,

3

    the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

In satisfaction of these requirements, the Trustee has included with this Application the Affidavit of Iain Kennedy, which is attached to the Application and incorporated herein for all purposes as **Exhibit A**. The Trustee further represents as follows:

    11.    <u>Facts showing the necessity for the employment of counsel</u>: The Trustee needs general counsel in this case because he needs assistance with investigating claims of the bankruptcy estate. Debtor engaged in a divisive merger prior to the petition date, and counsel is needed in order to investigate and potentially pursue such claims. Additionally, the Trustee was made aware of certain bank accounts that were in the name of the Debtor but for which affiliates of the Debtor may have held equitable control. The Trustee required counsel to negotiate a compromise regarding such accounts. To the extent other information and/or documentation he receives with regard to this case indicates that other issues must be resolved, the Trustee may require the involvement of general counsel.

    12.    <u>The name of the person to be employed</u>: The Trustee desires to employ Nathan Sommers Gibson Dillon, A Professional Corporation, located at 1400 Post Oak Boulevard, Suite 300, Houston, Texas 77056, (713) 960-0303 (main); (713) 892-4800 (fax), with Iain Kennedy designated to act as the attorney-in-charge with responsibility for the representation of the Trustee.

    13.    <u>The reasons for the selection</u>: The Trustee commonly seeks to hire NSGD, as well as other law firms in the marketplace, to represent him. The Trustee has hired firms other than

NSGD to represent him as general counsel on numerous occasions and retains outside firms as his special counsel when, in his business judgment, such retention would be in the best interest of the estate. For this case, the Trustee seeks to employ NSGD as Mr. Kennedy has a competitive billing rate ($495/hr). This rate is competitive when compared to other area attorneys of similar experience and skill (see below).

| Attorney | Hourly Rate | Firm | Relevant Case |
|---|---|---|---|
| Joshua Wolfshohl | $945 | Porter & Hedges | 23-90786 Dkt # 686 |
| Aaron Power | $845 | Porter & Hedges | 23-90786 Dkt # 686 |
| Erin E. Jones | $650 | Jones Murray | 23-60043 Dkt # 83 |
| Marc Myers | $385 | Ross, Banks, May, Cron & Cavin, PC | 21-32138 Dkt # 39 |
| Tim Wentworth | $375 | Okin Adams | 21-30008 Dkt # 22 |
| Timothy Million | $625 | Husch Blackwell LLP | 23-32279 Dkt # 223 |
| Simon Mayer | $425 | Locke Lord, LLP | 20-35146 Dkt # 14 |
| Jarrod Martin | $600 | Chamberlain Hrdlicka | 23-90324 Dkt # 1792 |
| Miriam Goott | $400 | Walker & Patterson, P.C. | 21-33540 Dkt # 19 |
| Heather McIntyre | $550 | HughesWattersAskanase, LLP | 21-21061 Dkt # 220 |
| William Hotze | $450 | Jones Murray | 21-32619 Dkt # 66 |

14. Mr. Kennedy has notable experience in the U.S. Bankruptcy Court. The Trustee believes that Mr. Kennedy's skills cultivated as the general counsel for Chapter 7 Trustees will be advantageous in this case. Mr. Kennedy has served as general counsel on numerous cases that involved investigating claims of the bankruptcy estate.

15. <u>The professional services to be rendered</u>: The services to be rendered by NSGD contemplated at this time relate to the investigation of claims of the bankruptcy estate; however, depending upon what other discoveries are made and/or what other developments occur, the services to be provided may include the following:

    (a)    assisting with the employment of professional persons by the estate, obtaining court approval to pay professionals, and, when necessary, objecting to unreasonable fee applications by those professionals;

    (b)    negotiating and securing court approval for claim compromises and/or the sale of estate property;

 (c) aiding in the representation of the Trustee in any litigation against the Trustee in his official capacity;

 (d) pursuing turnover of nonexempt assets;

 (e) examining and objecting to, if necessary, the Debtor's exemptions;

 (f) investigation of executory contract relationships of the Debtor and instituting necessary proceedings to assume or reject such executory contracts;

 (g) analyzing business associations of the Debtor and/or debts owing to the Debtor, determining the interest of the estate, and instituting and prosecuting any actions necessary to effectuate the recovery and liquidation of such interest or obligations;

 (h) preparing for instituting and prosecuting any necessary examinations under FED. R. BANKR. P. 2004 and, if necessary, instituting and prosecuting motions to compel attendance and removal of persons for examinations under FED. R. BANKR. P. 2005;

 (i) analyzing, instituting, and prosecuting actions regarding insider transactions and third-party dealings;

 (j) analyzing, instituting, and prosecuting actions regarding avoidance of setoffs and avoidable transfers; and

 (k) representing the estate in any other lawsuits or adversary proceedings as necessary.

16. <u>Proposed arrangement for compensation</u>: The Trustee proposes to employ NSGD on an hourly-fee basis, as follows:

 Mr. Kennedy (Lead Counsel)          $495.00 per hour

Costs and expenses shall be paid separately from attorneys' fees. All requests for compensation and expense reimbursement by NSGD shall be subject to Bankruptcy Court approval. The Trustee anticipates that Mr. Kennedy, as lead counsel, will perform the majority of services in connection with the proposed engagement, though he may request assistance from Mr. Murray or other attorneys at his firm as may be necessary or appropriate. The hourly rate of the aforementioned attorney is in the mid-range of legal fees charged by bankruptcy attorneys of similar experience at

other area firms. NSGD has not received any funds, as a retainer or otherwise, for this proposed representation.

17.     Connections to the case: NSGD has circulated an internal conflict memorandum, and none of the attorneys at NSGD reported any potential conflict with or adverse interest to the Debtor's estate.  To the best of the Trustee's knowledge, information, and belief after due inquiry—and as set forth more fully in the attached Affidavit of Mr. Kennedy—NSGD does not have any connections with the Debtor, their creditors, any other party in interest, any of the respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.  The Trustee asserts that it is in the best interest of the estate to retain NSGD for the reasons articulated below.

WHEREFORE, The Trustee respectfully requests that he be authorized to employ and appoint NSGD to represent him in this case, effective August 22, 2024, and further requests such additional relief to which he may be entitled.

Dated: September 20, 2024

Respectfully submitted,

**NATHAN SOMMERS GIBSON DILLON**

By: */s/ Iain L. C. Kennedy*
      Iain L. C. Kennedy
      Texas Bar No. 24068094
      1400 Post Oak Boulevard, Suite 300
      Houston, Texas 77056-6102
      713.960.0303 - phone
      713.892.4800 - fax
      ikennedy@nathansommers.com

**PROPOSED ATTORNEY FOR CHRISTOPHER MURRAY, CHAPTER 7 TRUSTEE**

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing Trustee's Application to Employ General Counsel has been forwarded to United States Trustee, 515 Rusk Avenue, Suite 3516, Houston, Texas 77002, via electronic transmission (ECF) on September 20, 2024.

      */s/ Iain L. C. Kennedy*
      Iain L. C. Kennedy