United States Bankruptcy Court
Southern District of Texas

**ENTERED**

October 15, 2024

Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| **LANDMARK WORLDWIDE LLC** | § | **CASE NO. 24-20211** |
| | § | |
| | § | |
| **DEBTOR.** | § | **CHAPTER 7** |

<u>**ORDER AUTHORIZING EMPLOYMENT OF COUNSEL**</u>

Upon the Application of Christopher R. Murray (the "Trustee"), Chapter 7 Trustee of the bankruptcy estate of the above-named Debtor, praying for authority to employ and appoint the law firm of Nathan Sommers Gibson Dillon, PC ("NSGD") and to designate Iain Kennedy to act as lead counsel to represent Trustee, and it appearing from the Application and the Affidavit attached thereto that the members of NSGD are attorneys duly admitted to practice in this Court, and that NSGD represents no interest adverse to the Trustee, the above-named Debtor, or the bankruptcy estate in the matters upon which it is to be engaged, that NSGD is disinterested as that term is defined by § 101(14) of the Bankruptcy Code, that its employment is necessary and would be in the best interest of the estate, and that the case is one that requires retention of counsel, it is:

ORDERED that the Trustee be and is hereby authorized to employ NSGD, with Iain Kennedy acting as lead counsel, to represent the Trustee in this case, effective as of August 22, 2024, to perform professional services, including the following:

    a.    assisting with the employment of professional persons by the estate, obtaining court approval to pay professionals, and, when necessary, objecting to unreasonable fee applications by those professionals;

    b.    negotiating and securing court approval for claim compromises and/or the sale of estate property;

    c.    aiding in the representation of the Trustee in any litigation against the Trustee in his official capacity;

d.      pursuing turnover of nonexempt assets;

e.      examining and objecting to, if necessary, the Debtor's exemptions;

f.      investigation of executory contract relationships of the Debtor and instituting necessary proceedings to assume or reject such executory contracts;

g.      analyzing business associations of the Debtor and/or debts owing to the Debtor, determining the interest of the estate, and instituting and prosecuting any actinons necessary to effectuate the recovery and liquidation of such interest or obligations;

h.      preparing for instituting and prosecuting any necessary examinations under FED. R. BANKR. P. 2004 and, if necessary, instituting and prosecuting motions to compel attendance and removal of persons for examinations under FED. R. BANKR. P. 2005;

i.      analyzing, instituting, and prosecuting actions regarding insider transactions and third-party dealings;

j.      analyzing, instituting, and prosecuting actions regarding avoidance of setoffs and avoidable transfers; and

k.      representing the estate in any other lawsuits or adversary proceedings as necessary.

IT IS FURTHER ORDERED that NSGD shall not be compensated by the bankruptcy estate for performing duties required to be performed by the Trustee.

IT IS FURTHER ORDERED that should the Trustee desire for NSGD to perform any additional professional services other than those authorized herein, or should the Trustee desire to appoint additional counsel to perform legal services, leave is hereby granted for the Trustee to file such other applications or supplemental applications as may be necessary or appropriate.

Signed: October 15, 2024

Marvin Isgur
United States Bankruptcy Judge