**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| LANDMARK WORLDWIDE, LLC, | ) | Case No. 24-20211 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

## STIPULATION AND AGREED ORDER

This Stipulation and Agreed Order (the "Stipulation") is entered into between Christopher R. Murray (the "Trustee"), in his capacity as duly-appointed Chapter 7 Trustee for Landmark Worldwide, LLC (the "Debtor"), Comerica Bank ("Comerica"), and 33/34 West Owner LLC ("Landlord," and together with Trustee and Comerica the "Parties"), who stipulate and agree as follows:

A.     The Debtor's performance under that certain Lease, dated April 19, 2002 (the "Original Lease"), as amended and modified, by and between Landlord and Debtor (the "Lease") was guaranteed by Irrevocable Standby Letter of Credit No. OSB11255C issued by Comerica in favor of Landlord, as beneficiary, in the aggregate amount of $1,510,103.00 (the "Letter of Credit").

B.     The Debtor and Comerica entered into that certain Standby Letter of Credit Application and Agreement and Pledge Agreement related to the Letter of Credit (the "Agreement").

C.     Pursuant to the Agreement, the Letter of Credit was collateralized by Deposit Account ending in 8404 with Comerica, which as of October 16, 2024, has a balance of $1,542,852.69 (the "Collateral").

D.      By the *Order Authorizing Rejection of Debtor's Leases of Nonresidential Real Property* [Docket No. 47], dated September 19, 2024, the Lease was rejected effective as of July 31, 2024.

E.      Landlord intends to submit a demand for payment of $1,510,103.00 under the Letter of Credit (the "Draw Demand").

F.      Comerica acknowledges that it is obligated to comply with the Draw Demand upon receipt of appropriate documentation and asserts that it has a right of setoff against the Collateral.

**IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE BANKRUPTCY COURT OF THIS STIPULATION, IT IS SO ORDERED** as follows:

1.      The foregoing recitals are hereby incorporated by reference into this Stipulation with the same force and effect as if set forth fully hereinafter.

2.      Landlord may immediately submit the Draw Demand without further notice.

3.      Landlord's right to submit the Draw Demand and draw upon the Letter of Credit and Comerica's determination that it is obligated to honor the Draw Demand and pay the Letter of Credit are not affected by the automatic stay of Section 362 of the Bankruptcy Code and do not require approval of this Court.

4.      Upon Comerica's payment of the Letter of Credit in accordance with the Draw Demand, Landlord shall apply the proceeds thereof against its claim for Lease rejection damages pursuant to Bankruptcy Code Section 502(b)(6), which Debtor agrees exceeds the amount of the Letter of Credit. Landlord may submit a proof of claim for the balance of the Lease rejection

damages on or before the December 2, 2024 deadline for filing proofs of claim heretofore established by the Court.

5.      Upon Comerica's payment of the Letter of Credit proceeds to Landlord, the automatic stay of Section 362 of the Bankruptcy Code is hereby automatically lifted, and Comerica is expressly authorized to apply funds from the Collateral as are necessary to offset: (i) the amount drawn on the Letter of Credit; and (ii) all amounts payable to Comerica under the Letter of Credit and the Agreement in the amount of at least $4,075.26, including legal fees and costs in the amount of at least $5,000.00 ((i) and (ii) being the "Comerica Amounts").

6.      After Comerica's payment of the Letter of Credit proceeds to Landlord and application of the Comerica Amounts to all amounts due and owing to Comerica, Comerica shall turnover any funds remaining from the Collateral to the Trustee within ten (10) days of Comerica's payment of the Letter of Credit proceeds to Landlord.  Comerica may then close the Deposit Account ending in 8404.

7.      This Stipulation constitutes the entire agreement between the Parties in respect of the subject matter hereof and shall not be modified, altered, amended, or vacated without the prior written consent of all Parties hereto.  No statement made or action taken in the negotiation of this Stipulation may be used by any Party for any purpose whatsoever.

8.      Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, and 9014, or otherwise, the terms and conditions of this Stipulation are immediately effective and enforceable upon its entry.

9.      The Court retains exclusive jurisdiction to hear any matters, controversies, or disputes arising from or relating to this Stipulation.

APPROVED AS TO FORM AND SUBSTANCE:

**NATHAN SOMMERS GIBSON DILLON PC**

By:   */s/ Iain L. C. Kennedy*
       Iain L. C. Kennedy
       Texas Bar. No. 24068094
       Federal ID No. 1066018
       1400 Post Oak Boulevard, Suite 300
       Houston, Texas 77056-6102
       (713) 960-0303 (main)
       (713)892-4800 (fax)
       ikennedy@nathansommers.com

**ATTORNEYS FOR CHRISTOPHER R. MURRAY, CHAPTER 7 TRUSTEE**

and

**WINSTEAD PC**

By:   */s/ Annmarie Chiarello*
       Annmarie Chiarello
       Texas Bar No. 24097496
       S.D. Tex. No. 2936034
       500 Winstead Building
       2728 N. Harwood Street
       Dallas, Texas 75201
       Telephone:  (214) 745-5400
       Facsimile:   (214) 745-5390
       achiarello@winstead.com

**ATTORNEYS FOR COMERICA BANK**

and

**GREENBERG TRAURIG, LLP**

By:   */s/ Heath Kushnick*
       Heath Kushnick
       New York: 2549343
       District of Columbia: 1000215
       One Vanderbilt Avenue
       New York, NY 10017
       Telephone:  (212) 801-9200
       kishnickh@gtlaw.com

**ATTORNEYS FOR 33/34 WEST OWNER LLC**